UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In the Matter of the Complaint of John Shoaf, owner of a 1999 Bayliner 1850 Capri SS, Washington Registration no. WN7873RH, for Exoneration from or Limitation of Liability, | CASE NO. 18-6008 RJB<br><br>ORDER ON MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION TO LIFT STAY AND DISSOLVE INJUNCTION |

This matter comes before the Court on Claimants Andrey B. Zelenko and the Estate of Natalia Zelenko's ("Zelenkos" or "Claimants") Motion for Summary Judgment (Dkt. 18) and Plaintiff's Motion to Strike Material in Zelenkos' Reply (Dkt. 24). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

This Limitation of Liability Act, 46 U.S.C. § 30501, *et. seq.*, case arises from a fatal crash of two pleasure boats on Camas Slough, near Camas Washington. Dkt. 1.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

**A. FACTS**

On September 2, 2018, John Shoaf was driving a motor-powered 1999 Bayliner 1850 Capri

SS, Washington boat registration #WN7873RH ("Shoaf's Bayliner") which collided with married couple Andrey and Natalia Zelenko's motor-powered Starcraft, Oregon boat registration #093AFK ("Zelenkos' Starcraft") under the Camas Slough Bridge. Dkts. 15-2 and 19. Which of the Zelenkos was driving is unclear from the record. *See e.g*. Dkt. 15-2, at 9 (Andrey Zelenko was passenger of the boat) *compare* Dkt. 20-2 (Andrey Zelenko was driver).

Natalia Zelenko died at the scene of the collusion. Dkt. 15-2. Andrey Zelenko suffered a significant head injury, a broken leg, and multiple lacerations. Dkt. 15-2, at 9.

Mr. Shoaf was thrown into the water and sustained a head injury. Dkt. 19, at 1. Shoaf's Bayliner capsized and sank. *Id*. According to Mr. Shoaf, "the collision was caused by the actions of the other boat and not by [him]." *Id*.

Several emergency units responded. Dkt. 15-1. Multnomah County Sheriff's Office River Patrol Deputy Kevin McAfee indicates in his report of the incident that, as he transported Mr. Shoaf to shore for medical care, he "detected a faint odor of alcoholic beverage" coming from Mr. Shoaf. Dkt. 15-1, at 3. The boats were taken into police custody. Dkt. 15-2.

Before the accident, Mr. Shoaf had a third party inspect the Bayliner "to verify its safe operation and condition prior to using it in 2018." Dkt. 19, at 2.

The boating collision is under active investigation by law enforcement. Dkt. 15-4, at 2. The parties have not been able to inspect the boats, have not exchanged discovery, or interview/deposed witnesses. Dkt. 20, at 2.

**B. PROCEDURAL HISTORY**

On December 10, 2018, John Shoaf filed the petition in this case for exoneration from, or limitation of, liability under the Limitation of Liability Act for the death and injuries sustained as a result of the collision on September 2, 2018. Dkt. 1. Actions related to this case were enjoined

(Dkt. 5) security for costs was ordered (Dkt. 6) and paid (Dkt. 7). Notice of the case was given and potential claimants have until April 1, 2019 to file a notice of claim. Dkt. 11.

On January 18, 2019, Notices of Appearance were entered on behalf of Claimant Tim W. Nay, as Personal Representative of the Estate of Natalia Zelenko. Dkts. 12 and 13. That same day, a lawyer from a different law firm entered a Notice of Appearance for Claimant Andrey Zelenko. Dkt. 16. They have not filed their claims yet, but join in the pending motions.

**C. PENDING MOTIONS**

In their January 18, 2019 motion for summary judgment, the Claimants assert that this case should be dismissed because there is no genuine dispute that Mr. Shoaf had "privity or knowledge" of the acts and conditions that caused the Zelenkos' injuries. Dkt. 14. They move, in the alternative for an order staying this case and lifting the injunction so that they can pursue their claims in state court. *Id.*

Mr. Shoaf opposes the motion for summary judgment arguing that there is no competent evidence that he was at fault. Dkt. 18. He maintains that his liability must first be established, and then, and only then, is an analysis of whether Mr. Shoaf had "privity or knowledge" proper. *Id.* Mr. Shoaf asserts that, at a minimum, the motion for summary judgment should be denied because it is too early to rule out the existence of an issue of fact as to possible causes of the collision for which he would not have "privity or knowledge." *Id.* He argues that the Claimants' alternative motion, to stay this case and lift the injunction, should be denied because the Claimants have not provided the proper stipulations. *Id.*

In their reply, the Claimants assert that Mr. Shoaf was alone on his Bayliner and was driving it when he crashed into the Zelenkos. Dkt. 21. They contend that it is clear that Mr. Shoaf has "privity or knowledge" of any act or omission on his part that caused their injuries. *Id.*

ORDER ON MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION TO LIFT STAY AND DISSOLVE INJUNCTION - 3

1    Mr. Shoaf filed a surreply. Dkt. 24. In it, he moves to strike Exhibit 1 to the Declaration

2    of Emily Johnson (Dkt. 22-1) and any references to that exhibit in the Claimants' reply. *Id*.

### D. ORGANIZATION OF OPINION

This opinion will first address Mr. Shoaf's motion to strike (Dkt. 24), then the standard on a summary judgment motion, next the Claimants' motion for summary judgment (Dkt. 14), and lastly, the Claimants' alternative motion to stay this action and to dissolve the injunction against other actions (Dkt. 14).

## II.    DISCUSSION

### A. MR. SHOAF'S MOTION TO STRIKE

In a surreply, Mr. Shoaf moves to strike Exhibit 1 to the Declaration of Emily Johnson (Dkt. 22-1), (which purports to be the incident report and supplemental reports of the collision by the Camas Police Department) and any references to those reports in the Claimants' reply. Dkt. 24. He asserts that the reports were not filed with the original motion, improperly contains double hearsay about Mr. Shoaf's blood alcohol concentration, and the Claimants fail to "make the required showing of admissibility for the test." *Id.*

"Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the non-movant an opportunity to respond." *Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir. 1996)(*internal quotation marks omitted*); *Getz v. Boeing Co.*, 654 F.3d 852, 868 (9th Cir. 2011).

Mr. Shoaf's motion to strike those reports and references to those reports (Dkt. 24) should be granted for purposes of this motion alone. The reports at issue were filed for the first time with the reply. Mr. Shoaf raises issues related to the admissibility of certain information in portions of the reports. Those reports (Dkt. 22-1) and references to the reports in the reply (Dkt.

ORDER ON MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION TO LIFT STAY AND DISSOLVE INJUNCTION - 4

21) should be stricken at this time.

## B. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (d). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

### C. SUMMARY JUDGMENT MOTION ON CLAIMS UNDER THE LIMITATION OF LIABILITY ACT

"The Limitation of Liability Act limits shipowner liability arising from the unseaworthiness of the shipowner's vessel or the negligence of the vessel's crew unless the condition of unseaworthiness or the act of negligence was within the shipowner's 'privity or knowledge.'" *In re BOWFIN M/V*, 339 F.3d 1137 (9th Cir. 2003). The claimant must first establish what act or condition caused the loss. *Id.* The shipowner then "has the burden of proving that the act or condition was outside [his] privity or knowledge." *Id.* "If it is truly impossible under any set of circumstances" for Mr. Shoaf to establish his "lack of privity or knowledge, then the limitation action should be dismissed, and the [Claimants] should be allowed to try liability and damages issues in state court." *See Suzuki of Orange Park, Inc. v. Shubert,* 86 F.3d 1060, 1064 (9th Cir. 1996).

The Claimants' motion for summary judgment (Dkt. 14) should be denied. While they make persuasive arguments, at this very early stage in the litigation, it cannot yet be said that "it is truly impossible under any set of circumstances" for Mr. Shoaf to establish his "lack of privity or knowledge." While it may be difficult, Mr. Shoaf should be given an opportunity to "demonstrate that his conduct was in all respects prudent and that he had no knowledge or privity of any negligent acts." *See In re Arntz,* 380 F.Supp.2d 1156, 1160 (C.D. Cal. 2005). As stated by the Eleventh Circuit Court of Appeals,

> "[I]n most circumstances negligence in operation will be sufficiently connected to the owner on board his own small vessel and operating it that he will be found to have privity or knowledge, but this common sense recognition of how the facts

will usually work out is not an ineluctable doctrine to be applied at the pleading stage, on conclusory and disputed allegations, as a substitute for the knowledge necessary to lead a court to rational decision."

*Petition of M/V Sunshine, II*, 808 F.2d 762, 765 (11th Cir. 1987). At this point, the Court cannot find that the Claimants are entitled to a judgment as a matter of law.

**D. MOTION TO STAY THIS CASE AND DISSOLVE INJUNCTION**

The Claimants move, in the alternative, for a stay of this case and a lifting of the injunction. Dkt. 14.

Generally, a district court "has broad discretion in deciding whether to dissolve an injunction under the Limitation of Liability Act." *Newton v. Shipman*, 718 F.2d 959, 961 (9th Cir. 1983)(*internal citations omitted*). "Where, however, a single claim is involved or where multiple claims do not exceed the limitation fund, the court's discretion is narrowly circumscribed and the injunction must be dissolved unless the owner can demonstrate that his right to limit liability will be prejudiced." *Id.* (*internal quotation marks and citations omitted*).

Here, arguably, neither of these exceptions apply. There is more than one claim involved – the Estate of Natalia Zelenko and that of her husband, Andrey. Further, according to Mr. Shoaf, the Bayliner was a total loss and there was no freight on the Bayliner at the time of the crash – he asserts that the value of the limitation fund is $0. Dkt. 2. Accordingly, to the extent that there are multiple claims, they exceed the limitation fund.

Even if the Zelenko's claims are functionally one claim, in the Ninth Circuit, before the district court dissolves a Limitation of Liability Act injunction, a claimant must stipulate to the following:

> (1) that the value of the limitation fund equals the combined value of the vessel and its cargo;

> (2) waive the right to claim *res judicata* based on any judgment rendered against the vessel owner outside of the limitation proceedings; and
>
> (3) concede the district court's exclusive jurisdiction to determine limitation of liability issues.

*In re Complaint of Ross Island Sand & Gravel*, 226 F.3d 1015, 1017 (9th Cir. 2000)(*citing Nelson,* at 962).

The Claimants' motion to stay the case and dissolve the injunction (Dkt. 14) should be denied without prejudice. The Claimants' stipulation, which was contained in their reply (Dkt. 21) and in Claimants Andrey B. Zelenko's and the Estate of Natalia Zelenko's Stipulations in Support of Staying Limitation of Liability Proceeding and Lifting Injunction and Stay of Other Proceedings (Dkt. 22-2), fails to stipulate to the first two of the requirements in the Ninth Circuit. The Claimants' citation to out of circuit opinions is unhelpful. The motion should be denied without prejudice.

## III. ORDER

Therefore, it is hereby **ORDERED** that:

- Mr. Shoaf's motion to strike (Dkt. 24) **IS GRANTED**; and
- The Claimants' motion for summary judgment (Dkt. 14) **IS DENIED;** and
- The Claimants' motion to stay the case and dissolve the injunction (Dkt. 14) **IS DENIED WITHOUT PREJUDICE.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 27th day of February, 2019.

ROBERT J. BRYAN
United States District Judge