# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

In the Matter of the Complaint of John Shoaf, owner of a 1999 Bayliner 1850 Capri SS, Washington Registration no. WN7873RH, for Exoneration from or Limitation of Liability,

CASE NO. 18-6008 RJB

ORDER ON MOTION TO STAY LIMITATION OF LIABILITY PROCEEDINGS AND TO LIFT STAY AND DISSOLVE INJUNCTION

This matter comes before the Court on Claimants Andrey B. Zelenko and the Estate of Natalia Zelenko's (collectively "Zelenkos" or "Claimants") Motion to Stay Limitation of Liability Proceedings and to Lift Injunction and Stay of Other Proceedings. Dkt. 27. The Court has considered the pleadings filed regarding the motion and the remaining file.

This Limitation of Liability Act, 46 U.S.C. § 30501, *et. seq.*, case arises from a fatal crash of two pleasure boats on Camas Slough, near Camas Washington. Dkt. 1.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

### A. FACTS

The relevant facts are in the February 27, 2019 Order on Motion for Summary Judgment or, in the Alternative, Motion to Lift Stay and Dissolve Injunction (Dkt. 25, at 1-3) ("prior order") and are adopted here.

ORDER ON MOTION TO STAY LIMITATION OF LIABILITY PROCEEDINGS AND TO LIFT STAY AND DISSOLVE INJUNCTION - 1

## B. PROCEDURAL HISTORY

On December 10, 2018, John Shoaf filed the petition in this case for exoneration from, or limitation of, liability under the Limitation of Liability Act for the death and injuries sustained because of the collision on September 2, 2018. Dkt. 1. Actions related to this case were enjoined (Dkt. 5) security for costs was ordered (Dkt. 6) and paid (Dkt. 7). Notice of the case was given and potential claimants had until April 1, 2019 to file a notice of claim. Dkt. 11.

On January 18, 2019, Notices of Appearance were entered on behalf of Claimant Tim W. Nay, as Personal Representative of the Estate of Natalia Zelenko. Dkts. 12 and 13. That same day, a lawyer from a different law firm entered a Notice of Appearance for Claimant Andrey Zelenko. Dkt. 16. After the prior order (denying the motion for summary judgment and motion to stay) was issued, both Natalia Zelenko's estate and Andrey Zelenko filed claims and a joint answer on March 15, 2019. Dkt. 26. No other parties filed claims, and the time to do so lapsed.

On March 15, 2019, the Claimants filed their joint renewed motion to stay this case and lift the injunction staying other actions so they can pursue their claims in state court. Dkt. 27.

## II. DISCUSSION

### MOTION TO STAY THIS CASE AND DISSOLVE INJUNCTION

"The Limitation of Liability Act limits shipowner liability arising from the unseaworthiness of the shipowner's vessel or the negligence of the vessel's crew unless the condition of unseaworthiness or the act of negligence was within the shipowner's 'privity or knowledge.'" *In re BOWFIN M/V*, 339 F.3d 1137 (9th Cir. 2003). "If it is truly impossible under any set of circumstances" for Mr. Shoaf to establish his "lack of privity or knowledge, then the limitation action should be dismissed, and the [Claimants] should be allowed to try liability and damages

issues in state court." *See Suzuki of Orange Park, Inc. v. Shubert,* 86 F.3d 1060, 1064 (9th Cir. 1996).

Generally, a district court "has broad discretion in deciding whether to dissolve an injunction under the Limitation of Liability Act." *Newton v. Shipman*, 718 F.2d 959, 961 (9th Cir. 1983)(*internal citations omitted*). "Where, however, a single claim is involved or where multiple claims do not exceed the limitation fund, the court's discretion is narrowly circumscribed and the injunction must be dissolved unless the owner can demonstrate that his right to limit liability will be prejudiced." *Id.* (*internal quotation marks and citations omitted*).

Here, neither of these exceptions apply. There is more than one claim involved – the Estate of Natalia Zelenko and that of her husband, Andrey Zelenko. Even though they filed a joint answer, that answer refers to "Claimants" and makes separate claims for the Estate and for Mr. Zelenko. Dkt. 26. There are multiple claims involved. Further, these multiple claims exceed the limitation fund. According to Mr. Shoaf, the Bayliner was a total loss and there was no freight on the Bayliner at the time of the crash – he asserts that the value of the limitation fund is $0. Dkt. 2. The Claimants do not contest that they seek more than $0. Their claims exceed the limitation fund.

In the prior order denying the Claimant's motion to stay this case and lift the injunction and stay of other proceedings without prejudice, this Court noted that:

> Even if the Zelenko's claims are functionally one claim, in the Ninth Circuit, before the district court dissolves a Limitation of Liability Act injunction, a claimant must stipulate to the following:
>
> > (1) that the value of the limitation fund equals the combined value of the vessel and its cargo;
> >
> > (2) waive the right to claim *res judicata* based on any judgment rendered against the vessel owner outside of the limitation proceedings; and

    (3) concede the district court's exclusive jurisdiction to determine
      limitation of liability issues.

*In re Complaint of Ross Island Sand & Gravel*, 226 F.3d 1015, 1017 (9th Cir. 2000)(*citing Newton,* at 962).

  The Claimants' motion to stay the case and dissolve the injunction (Dkt. 14) should be denied without prejudice. The Claimants' stipulation, which was contained in their reply (Dkt. 21) and in Claimants Andrey B. Zelenko's and the Estate of Natalia Zelenko's Stipulations in Support of Staying Limitation of Liability Proceeding and Lifting Injunction and Stay of Other Proceedings (Dkt. 22-2), fails to stipulate to the first two of the requirements in the Ninth Circuit. Dkt. 25, at 7-8. This order was issued before the Zelenkos filed their claims and answer. Now that they have, it is clear that there is more than one claimant, and their claims exceed the value of the fund. While the Claimants urge the undersigned to exercise the discretion given and still dissolve the injunction, it is not yet apparent that Mr. Shoaf's, as vessel owner, "right to seek limitation will be protected." *Lewis v. Lewis & Clark Marine, Inc.,* 531 U.S. 438, 454 (2001). The motion should be denied without prejudice.

### III.  ORDER

  Therefore, it is hereby **ORDERED** that:

- The Claimants' Motion to Stay Limitation of Liability Proceedings and to Lift Injunction and Stay of Other Proceedings (Dkt. 27) **IS DENIED WITHOUT PREJUDICE.**

  The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

  Dated this 11th day of April, 2019.

               ROBERT J. BRYAN
               United States District Judge