UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In the Matter of the Complaint of John Shoaf, owner of a 1999 Bayliner 1850 Capri SS, Washington Registration no. WN7873RH, for Exoneration from or Limitation of Liability, | CASE NO. 18-6008 RJB<br><br>ORDER ON MOTION FOR EXTENSION OF TIME TO FILE COUNTERCLAIM |

This matter comes before the Court on Plaintiff John Shoaf's Motion for Extension of Time to File Counterclaim. Dkt. 30. The Court has considered the pleadings filed regarding the motion and the remaining file.

This Limitation of Liability Act, 46 U.S.C. § 30501, *et. seq.*, case arises from a fatal crash of two pleasure boats on Camas Slough, near Camas, Washington. Dkt. 1. There are two claimants, Andrey B. Zelenko and the Estate of Natalia Zelenko's (collectively "Zelenkos" or "Claimants").

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

The relevant facts and procedural history are in the February 27, 2019 Order on Motion for Summary Judgment or, in the Alternative, Motion to Lift Stay and Dissolve Injunction (Dkt. 25, at 1-3) and the April 11, 2019 Order on Motion to Stay Limitation of Liability Proceedings and

to Lift Stay and Dissolve Injunction (Dkt. 31, at 1-2) are adopted here.

Both Natalia Zelenko's estate and Andrey Zelenko filed claims and a joint answer to this case on March 15, 2019. Dkt. 26. No other parties filed claims, and the time to do so lapsed. On March 15, 2019, the Claimants filed their joint renewed motion to stay this case and lift the injunction staying other actions, so they could pursue their claims in state court. Dkt. 27. That motion was denied without prejudice on April 11, 2019. Dkt. 31.

Before the April 11, 2019 order was issued, on April 5, 2019 the Plaintiff filed this motion for additional time to file his counterclaims against the Zelenkos. Dkt. 30. The Plaintiff acknowledges that the deadline to file his counterclaim was April 5, 2019 and asks the Court for an extension of time (of seven days) to file the counterclaim until after the Court issues a ruling on the renewed motion to stay this case. *Id.* The Claimants oppose the motion, asserting that the Plaintiff has failed to show good cause for the extension. Dkt. 32. The Plaintiff replied (Dkt. 33) and the motion is ripe for decision.

## II. DISCUSSION

Under Fed. R. Civ. P. 6 (b)(1)(A), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Rule 6 (b) "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Accordingly, "requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* (*internal quotation marks and citations omitted*). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Id.*

The Plaintiff has sufficiently demonstrated good cause for the brief extension he seeks. His motion was filed before the deadline lapsed. The Plaintiff points out that if the Court grants the motion to stay the case, he would be unable to pursue his counterclaim, and would be forced to assert it in state court. (The motion to stay was not granted; it was denied without prejudice after the Plaintiff filed this motion.) Moreover, there is no showing of bad faith on the part of the Plaintiff or prejudice to the Claimants to allow the Plaintiff to file his counterclaims against them a few weeks after they were due. This case is in the early stages.

The Plaintiff's motion (Dkt. 30) should be **GRANTED** and the deadline for the Plaintiff to file his counterclaim, if any, should be **May 2, 2019**.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 25th day of April, 2019.

ROBERT J. BRYAN
United States District Judge